FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
MICHAEL O'BRIEN (SBN 277244)
mobrien@novianlaw.com
**NOVIAN & NOVIAN, LLP**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222

Attorneys for Plaintiff TRILLER FIGHT CLUB II LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRILLER FIGHT CLUB II LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> FILMDAILY.COM, an unknown business entity; ACCESSTVPRO.CO, an unknown business entity; ONLINE2LIVESTREAM.US, an unknown business entity; CRACKSTREAMSLIVE.COM, an unknown business entity; SPORTS-TODAY.CLUB, an unknown business entity; MY-SPORTS.CLUB, an unknown business entity; BILASPORT.COM, an unknown business entity; TRENDY CLIPS, an unknown business entity; MIKE, an unknown business entity; YOUR EXTRA, an unknown business entity; ECLIPT GAMING, an unknown business entity; ITSLILBRANDON, an unknown business entity; the H3 PODCAST, an unknown business entity; H3H3 PRODUCTIONS, an unknown | CASE NO.: 2:21-cv-03502-PA-RAO <br><br> **FIRST AMENDED COMPLAINT FOR:** <br> 1. **COPYRIGHT INFRINGEMENT** <br> 2. **VIOLATION OF THE FEDERAL COMMUNICATIONS ACT: 47 U.S.C. § 605** <br> 3. **VIOLATION OF THE FEDERAL COMMUNICATIONS ACT: 47 U.S.C. § 553** <br> 4. **CONVERSION** <br> 5. **BREACH OF CONTRACT** <br> 6. **CONSPIRACY** <br> 7. **VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT: 18 U.S.C. § 1030** <br> 8. **VICARIOUS COPYRIGHT INFRINGEMENT** <br><br> **<u>JURY TRIAL DEMANDED</u>** |

1  business entity; and DOES 1 through 100,
   inclusive,
2

3                    Defendants.

FIRST AMENDED COMPLAINT

4820-8923-8759, v. 2

Plaintiff Triller Fight Club II LLC, a Delaware limited liability company ("Plaintiff" or "Triller") hereby complains against Defendants FILMDAILY.COM, an unknown business entity ("Filmdaily.com"); ACCESSTVPRO.CO, an unknown business entity ("Accesstvpro.co"); ONLINE2LIVESTREAM.US, an unknown business entity ("Online2livestream.us"); CRACKSTREAMSLIVE.COM, an unknown business entity ("Crackstreamslive.com"); SPORTS-TODAY.CLUB, an unknown business entity ("Sports-today.club"), MY-SPORTS.CLUB, an unknown business entity ("My-sports.club"), BILASPORT.COM, an unknown business entity ("Bilasport.com"), TRENDY CLIPS, an unknown business entity ("Trendy Clips"), MIKE, an unknown business entity ("Mike"), YOUR EXTRA, an unknown business entity ("Your Extra"), ECLIPT GAMING, an unknown business entity ("Eclipt Gaming"), ITSLILBRANDON, an unknown business entity ("ItsLilBrandon"), the H3 PODCAST, an unknown business entity ("H3 Podcast"), H3H3 PRODUCTIONS, an unknown business entity ("H3H3"), and DOES 1 through 100, inclusive (collectively, the "Defendants"), and alleges as follows:

## NATURE OF THIS ACTION

1.      Through this action, Triller seeks in excess of $100,000,000.00 against Defendants and each of them all of whom are cyber-criminals, for their outright theft and diversion of upwards of 2,000,000 unique viewers by providing them with illegal and unauthorized viewings of the Broadcast of the Jake Paul vs. Ben Askren boxing event.   Plaintiff is the copyright owner and publisher of the Triller Fight Club broadcast of the "Jake Paul vs. Ben Askren" boxing event, including all undercard bouts and the entire television broadcast, exhibited via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast"). The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors such as Plaintiff's authorized online platforms. Plaintiff institutes this action to obtain remedy for—and to permanently hinder—the blatantly

FIRST AMENDED COMPLAINT

unlawful infringement and rampant theft of its copyrighted work by the Defendants. Defendants, and each of them, have utilized various torrent and streaming websites such as https://youtube.com, https://filmdaily.co, https://accesstvpro.co, https://online2livestream.us, https://crackstreamslive.com, https://sports-today.club/, https://my-sports.club/, and https://bilasports.com to unlawfully upload, distribute, and publicly display, without authorization, the Broadcast to the users of such websites. Upon information and belief, Defendants, and each of them, acted knowingly, willfully, unlawfully and with blatant disregard to Plaintiff's copyright in the Broadcast by uploading the Broadcast to the aforementioned websites with additional shareable payment links, such as PayPal links, which allow users to remit direct payments to the various Defendants in order to fund and endorse each respective Defendants' infringement of Plaintiff's Broadcast. Defendants' calculated and reprehensible infringement, theft, and other unlawful acts—committed in knowing violation of the law—has resulted in damages suffered by Plaintiff in excess of $100,000,000.00, by stealing and diverting upwards of 2,000,000 unique viewers of the illegal and unauthorized viewings of the Broadcast from Plaintiff.

2.     Acting with intentional and knowing disregard of Plaintiff's exclusive rights in the Broadcast, Defendants—who are nothing less than cyber-criminals—employ various user profiles on websites, including those mentioned above, to illegally upload copyrighted programming, including the Broadcast, and to facilitate the unauthorized copying, sharing, downloading, uploading, and distribution of such programming. Through their egregious conduct, Defendants also encourage other online users to copy, share, download, distribute and share the Broadcast on the aforementioned websites. Defendants further unlawfully facilitate, participate, and induce other users to engage in the unauthorized reproduction, adaptation, distribution and public display of Plaintiff's copyrighted Broadcast all to line their own pockets with monies that belong to Plaintiff.

3.     Notwithstanding each Defendants' recognition that Plaintiff never

authorized their respective copying, downloading, uploading, public display and/or distribution of the Broadcast, Defendants continue to engage—and unjustly benefit—from their infringing conduct. Defendants' plain acts of thievery, misappropriation, and infringement, as further described herein, are tantamount to, and no less deplorable than, the acts of a pilferer, poaching on and looting the fruits of another's hard-earned labor.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 101, *et seq.* and 28 U.S.C. § 1331, which states that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section § 1338 (a).

5.      Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.  In the alternative, venue is also proper under 28 U.S.C. § 1391(b)(3), as Defendants, and each of them, are subject to the court's personal jurisdiction with respect to this action.

## PARTIES

6.      Plaintiff is a limited liability company incorporated under the laws of Delaware and having its principal place of business in the State of California.

7.      Plaintiff is engaged in the business of distributing its copyrighted materials as defined in 17 U.S.C. § 101, and offering such content, including the Broadcast, for purchase on a Pay-Per-View basis to its paying customers over the internet or via cable or satellite TV. Plaintiff invests substantial money, time, and effort in advertising, promoting, selling, and licensing programming such as the Broadcast.

8.      Plaintiff owns the copyrights to the Broadcast. As the exclusive owner of the Copyright in its programing, including but not limited to the Broadcast, Plaintiff possesses the exclusive rights to, *inter alia*, exhibit, distribute, disseminate and perform the Broadcast publicly.

4820-8923-8759, v. 2

9.     Upon information and belief, Defendant Filmdaily.com is a business entity, the exact nature of which is unknown, registered in Nevada and doing business in the State of California. Upon information and belief, Filmdaily.com offers the website https://filmdaily.co for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Filmdaily.com through its illegal uploading and distribution of the Broadcast.

10.     Upon information and belief, Defendant Accesstvpro.co is a business entity, the exact nature of which is unknown, registered in Arizona and doing business in the State of California. Upon information and belief, Accesstvpro.co offers the website https://accesstvpro.co for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Accesstvpro.co through its illegal uploading and distribution of the Broadcast.

11.     Upon information and belief, Defendant Online2livestream.us is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, Online2livestream.us offers the website https://online2livestream.us  for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Online2livestream.us through its illegal uploading and distribution of the Broadcast.

12.     Upon information and belief, Defendant Crackstreamslive.com is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, Crackstreamslive.com offers the website https://crackstreamslive.com  for the purpose of permitting, encouraging, facilitating,

4820-8923-8759, v. 2

and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Crackstreamslive.com through its illegal uploading and distribution of the Broadcast.

13.     Upon information and belief, Defendant Sports-today.club is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, Sports-today.club offers the website https://sports-today.club/ for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Sports-today.club through its illegal uploading and distribution of the Broadcast.

14.     Upon information and belief, Defendant My-sports.club is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, My-sports.club offers the website https://my-sports.club/ for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by My-sports.club through its illegal uploading and distribution of the Broadcast.

15.     Upon information and belief, Defendant Bilasport.com is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, Bilasport.com offers the website https://bilasports.com for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Bilasport.com through its illegal uploading and distribution of the Broadcast.

FIRST AMENDED COMPLAINT

16.     Upon information and belief, Defendant Trendy Clips is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, Trendy Clips operates the Youtube channel located at https://www.youtube.com/channel/UCYj6TdieiWvyuQc4s6J88uw  for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Trendy Clips through its illegal uploading and distribution of the Broadcast.

17.     Upon information and belief, Defendant Mike is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, Mike operates the Youtube channel located at https://www.youtube.com/channel/UCc6_H_Qrmy_yGUe6M6vOClw for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Mike through its illegal uploading and distribution of the Broadcast.

18.     Upon information and belief, Defendant Your Extra is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, Your Extra operates the Youtube channel located at https://www.youtube.com/channel/UCc6_H_Qrmy_yGUe6M6vOClw for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Your Extra through its illegal uploading and distribution of the Broadcast.

19.     Upon information and belief, Defendant Eclipt Gaming is a business

8

FIRST AMENDED COMPLAINT

entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, Eclipt Gaming operates the Youtube channel located at https://www.youtube.com/channel/UCc6_H_Qrmy_yGUe6M6vOClw for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Eclipt Gaming through its illegal uploading and distribution of the Broadcast.

20.    Upon information and belief, Defendant ItsLilBrandon is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, ItsLilBrandon operates the Youtube channel located at https://www.youtube.com/channel/UCc6_H_Qrmy_yGUe6M6vOClw for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by ItsLilBrandon through its illegal uploading and distribution of the Broadcast.

21.    Upon information and belief, Defendant H3 Podcast is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, the H3 Podcast—through its hosts Ethan and Hila Klein—operates the Youtube channel located at https://www.youtube.com/channel/UCLtREJY21xRfCuEKvdki1Kw for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by the H3 Podcast through its illegal uploading and distribution of the Broadcast.

9

FIRST AMENDED COMPLAINT

22.   Upon information and belief, Defendant H3H3 is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, H3H3—through Ethan and Hila Klein—operates the Youtube channel located at https://www.youtube.com/user/h3h3Productions for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by H3H3 through its illegal uploading and distribution of the Broadcast.

23.   Plaintiff is informed and believes, and thereon alleges, that the actions and omissions that serve as the basis for this complaint were undertaken jointly and with the consent, conspiracy, cooperation, and joint participation of all defendants.

24.   Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each defendant was the agent, joint venture, and/or employee of each and every other defendant, and in doing the things alleged in this complaint, each defendant was acting within the course and scope of such agency, joint venture, and/or employment and with the permission and consent of each of the other defendants.

25.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time.  Plaintiff therefore sues said Defendants, and each of them, by such fictitious names.  Plaintiff will advise the Court and seek leave to amend this Complaint when the true names and capacities of each such Defendant has been ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each such Defendant designated as a DOE is responsible in some manner for the events and happenings referred to herein or as hereinafter specifically alleged.

## COUNT ONE:

### (For Copyright Infringement Against All Defendants)

26.   Plaintiff hereby realleges, and by this reference incorporates herein, each

4820-8923-8759, v. 2

and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

27.     Plaintiff is the owner of the copyrights to the Broadcast, including all undercard bouts and the entire television Broadcast. Plaintiff's rights include, but are not limited to, all moving images and other audio/video content which were broadcasted via encrypted satellite signal. The Broadcast originated via satellite uplink and were subsequently retransmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors such as Plaintiff's authorized, online platforms.

28.     As the copyright holder to the rights of the Broadcast, Plaintiff has the exclusive right to copy, publicly perform and distribute it.

29.     Defendants, and each of them, failed to obtain the property authority or license from Plaintiff to copy, publicly perform or distribute the Broadcast.

30.     Upon information and belief, Defendants illegally copied, uploaded, publicly performed and distributed the Broadcast via the internet with full knowledge that the Broadcast could only be obtained by purchasing a license from Plaintiff.

31.     Defendants, and each of them, have utilized various torrent and streaming websites such as https://filmdaily.co, https://accesstvpro.co, https://online2livestream.us, https://crackstreamslive.com, https://sports-today.club/, https://my-sports.club/, https://bilasports.com, and https://youtube.com to upload, distribute, and publicly display the Broadcast to the users of such website in direct violation of the exclusive rights owned by Plaintiff.

32.     Specifically, upon information and belief, the Defendants, and each of them, obtained the Broadcast through internet websites, cable and/or satellite Pay-Per-View purchase intended for private, non-commercial viewing, and subsequently illegally re-transmitted the Broadcast and publicly exhibited the Broadcast by illegally copying and uploading the Broadcast to the aforementioned websites for other users to also illegally view, download, access, share, and distribute.

4820-8923-8759, v. 2

33.     Defendants, and each of them, have infringed on Plaintiff's copyright in the Broadcast by reproducing, adapting distributing, uploading, copying, and publicly displaying the copyrighted works without Plaintiff's authorization in violation of the Copyright Act, 17 U.S.C. § 501, and have recouped profits from the aforementioned websites through users' payments to the Defendants or through advertising revenue generated through the websites.

34.     Defendants' acts of infringement were willful, in blatant disregard of, and committed with indifference to Plaintiff's rights.

35.     By reason of Defendants' conduct as described herein, Defendants, and each of them, willfully violated 17 U.S.C. § 501.

36.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Broadcast. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of the Broadcast, in an amount to be established at trial, but in no event less than $100,000,000.00.

37.     Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## COUNT TWO:

### (For Violations of the Federal Communications Act: 47 U.S.C. §605 Against All Defendants)

38.     Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

39.     Plaintiff is the owner of the Broadcast, including all undercard matches and the entire television broadcast, aired via closed circuit television and via encrypted satellite signal.

40.     The Broadcast was available for non-commercial, private viewing

4820-8923-8759, v. 2

through Plaintiff, its authorized online vendors, as well as through Pay-Per-View purchase through authorized satellite TV providers. Defendants, in a calculated effort to use Plaintiff's Broadcast for their own commercial benefit, obtained access to Plaintiff's Broadcast by purchasing the programming and subsequently copying the Broadcast and uploading it to torrent and streaming websites such as and https://youtube.com, https://filmdaily.co, https://accesstvpro.co, https://online2livestream.us, https://crackstreamslive.com, https://sports-today.club/, https://my-sports.club/, and https://bilasports.com.

41.    In order to purchase and view the Broadcast through a satellite TV provider intended for private, non-commercial viewing, an individual purchaser was subject to the copyright language contained therein which expressly stated that the "unauthorized reproduction or distribution of the copyrighted work is illegal."

42.    Upon information and belief, with full knowledge that the Broadcast was not to be received, distributed, reproduced and or publicly exhibited by individuals unauthorized to do so, Defendants, without authorization from Plaintiff, unlawfully intercepted, received and/or de-scrambled Plaintiff's satellite signal for purposes of direct commercial advantage and subsequently divulged the Broadcast to the public by copying and distributing said Broadcast to the users of the aforementioned websites in exchange for payments to aid, encourage, support, or otherwise endorse Defendants' infringing conduct.

43.    Upon information and belief, Plaintiff alleges that Defendants effected unauthorized interception and receipt of Plaintiff's Broadcast via Defendants' satellite TV service by ordering programming for residential use and subsequently copying, uploading, distributing and publicly displaying the Broadcast without authorization, or by such other means which are unknown to Plaintiff and known only to Defendants.

44.    47 U.S.C. § 605(a) prohibits the unauthorized reception and publication or use of communications such as the Broadcast for which Plaintiff had the distribution rights thereto.

FIRST AMENDED COMPLAINT

45.     By reason of Defendants' conduct as described herein, Defendants, and each of them, willfully violated 47 U.S.C. § 605(a)

46.     As a proximate result of Defendants' willful violations of 47 U.S.C. § 605(a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. § 605(a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to *each* violation.

47.     Pursuant to 47 U.S.C. § 605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT THREE:

### (For Violations of the Federal Communications Act: 47 U.S.C. §553 Against All Defendants)

48.     Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

49.     Upon information and belief, Defendants willfully and unlawfully accessed, received, and subsequently re-transmitted the Broadcast over a cable TV or internet system while knowing that they were unauthorized to do so.

50.     47 U.S.C. §553 prohibits the unauthorized reception of any communications service offered over a cable system such as the transmission of the Broadcast for which Plaintiff holds the copyright ownership thereto.

51.     Upon information and belief, the Defendants knowingly, willfully and unlawfully accessed, received and subsequently re-transmitted the Broadcast when it was offered via a cable TV or internet subscription without the authorization from Plaintiff and without paying Plaintiff the appropriate Pay-Per-View fee.

52.     By reason of Defendants' conduct as described herein, Defendants, and each of them, willfully violated 47 U.S.C. §553.

53.     As a proximate result of Defendants' willful violations of 47 U.S.C. §553,

Plaintiff is entitled to damages in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to each violation, plus the recovery of full costs, interest and reasonable attorney's fees, in the discretion of this Court.

## COUNT FOUR:

### (For Conversion Against All Defendants)

54.     Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

55.     Plaintiff, at all relevant times, owned, possessed, and had the right to possess the copyrights to the Broadcast.

56.     By virtue of Defendants' conduct as set forth herein, Defendants, and each of them, knowingly and intentionally substantially interfered with Plaintiff's property by unlawfully converting it for their own commercial use, benefit, and private financial gain.

57.     Defendants' acts of conversion were done without Plaintiff's consent and with the objective of depriving Plaintiff of its copyright ownership for Defendants' direct commercial benefit, advantage and private financial gain.

58.     As a proximate result of Defendants' wrongful conversion of the Broadcast, Plaintiff suffered damages in an amount subject to proof at trial but in no event less than $100,000,000.00.

## COUNT FIVE

### (For Breach of Contract Against All Defendants)

59.     Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

60.     Plaintiff would show that pursuant to Plaintiff's Terms of Use for its programming of the Broadcast, any user of Plaintiff's authorized websites for Pay-Per-View purchase and any purchaser of a residential Pay-Per-View feed from

15

4820-8923-8759, v. 2

Plaintiff, either via cable or satellite TV, agreed not to reproduce, distribute, or transmit any of Plaintiff's materials, including the Broadcast.

61.     Upon information and belief, Defendants, and each of them, purchased the Broadcast through Plaintiff's authorized websites or via Pay-Per-View purchase for private, residential viewing.

62.     Upon information and belief, with full knowledge that the Broadcast was not to be unlawfully copied and distributed by individuals unauthorized to do so, Defendants willfully and unlawfully copied, uploaded and distributed the Broadcast to users of   torrent   and   streaming   websites   such   as   https://youtube.com, https://filmdaily.co,        https://accesstvpro.co,        https://online2livestream.us, https://crackstreamslive.com,   https://sports-today.club/,   https://my-sports.club/,and https://bilasports.com so that the Broadcast could be accessed free of charge.

63.     As a proximate result of Defendants breach of their respective agreements with Plaintiff, Plaintiff has been damaged through the loss of substantial amounts of revenue, loss of business, loss of good-will and loss of customers, the sum value of which will be proven at trial but which is an amount no less than $100,000,000.00

## COUNT SIX

### (For Conspiracy Against All Defendants)

64.     Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

65.     Upon information and belief, Defendants, and each of them, had an agreement between two or more persons.

66.     Upon information and belief, pursuant to the respective Defendants' agreements, Defendants set out to intentionally, willfully, and unlawfully access and copy Plaintiff's  Broadcast and subsequently upload the Broadcast for distribution and public display in exchange for direct contributions from the users of the websites known as such as https://youtube.com, https://filmdaily.co, https://accesstvpro.co,

4820-8923-8759, v. 2

https://online2livestream.us, https://crackstreamslive.com, https://sports-today.club/, https://my-sports.club/, and https://bilasports.com or for advertisement revenue from such websites.

67.    Upon information and belief, Defendants, and each of them, intentionally, willfully, and unlawfully accessed, copied, uploaded, distributed, and publicly displayed Plaintiff's Broadcast using such websites and did in fact receive direct contributions from users of such websites or advertisement revenue from such websites.

68.    As a proximate result of Defendants respective agreements and subsequent acts as described herein, Plaintiff has been damaged through the loss of substantial amounts of revenue, loss of business, loss of good-will, and loss of customers, the sum value of which will be proven at trial but which is an amount no less than $100,000,000.00

## COUNT SEVEN

**(For Violations of the Computer Fraud and Abuse Act: 18 U.S.C. § 1030 Against All Defendants)**

69.    Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

70.    Upon information and belief, Defendants, and each of them, without authorization or by exceeding the scope of granted authorization, accessed a protected computer containing Plaintiff's live internet streams of the Broadcast, and knowingly and with the intent to defraud, unlawfully copied, distributed, and publicly displayed the Broadcast.

71.    Upon information and belief, as a proximate result of Defendants' unlawful and fraudulent conduct as set forth herein, Defendants, and each of them, obtained the valuable copyrighted Broadcast and subsequently uploading, distributing, and publicly displaying the Broadcast using such as and https://youtube.com,

4820-8923-8759, v. 2

1   https://filmdaily.co,        https://accesstvpro.co,        https://online2livestream.us,

2   https://crackstreamslive.com, https://sports-today.club/, https://my-sports.club/, and

3   https://bilasports.com.

**COUNT EIGHT:**

**(For Vicarious Copyright Infringement Against All Defendants)**

6   72.    Plaintiff hereby realleges, and by this reference incorporates herein, each

7   and every allegation of preceding and subsequent paragraphs as though fully set forth

8   herein.

9   73.    Plaintiff is the owner of the copyrights to the Broadcast, including all

10  undercard bouts and the entire television Broadcast. Plaintiff's rights include, but are

11  not limited to, all moving images and other audio/video content which were

12  broadcasted via encrypted satellite signal. The Broadcast originated via satellite uplink

13  and were subsequently retransmitted to cable systems and satellite companies via

14  satellite signal and/or retransmitted via satellite signal to licensed content distributors

15  such as Plaintiff's authorized, online platforms.

16  74.    Upon information and belief, Defendants, and each of them, directly

17  infringed on Plaintiff's Broadcast by illegally uploading the Broadcast and/or portions

18  thereof   via   the   internet   on   the   websites   such   as   https://youtube.com,

19  https://filmdaily.co,        https://accesstvpro.co,        https://online2livestream.us,

20  https://crackstreamslive.com, https://sports-today.club/, https://my-sports.club/, and

21  https://bilasports.com in direct violation of Plaintiff's exclusive copyright.

22  75.    Upon information and belief, Defendants encouraged online users to

23  copy, share, download, distribute, and share content, including the Broadcast, on the

24  aforementioned websites, and defendants facilitated, participated in and induced users

25  to engage in the unauthorized reproduction, adaptation, public display and public

26  performance of programming containing Plaintiff's copyrighted Broadcast.

27  76.    Defendants had the right and ability to control and prevent the users on

28  such aforementioned websites from directly accessing and infringing on Plaintiff's

18

4820-8923-8759, v. 2

Broadcast which was copied, uploaded, and distributed by Defendants, and each of them.

77.     Defendants derived a financial benefit from such users' activities on the aforementioned websites by directing such users to external and/or shareable payment links, such as PayPal links, whereby users could remit direct payments to Defendants in order to compensate, fund and endorse each respective Defendants' infringement of Plaintiff's Broadcast.

78.     By reason of Defendants' conduct as described herein, Defendants, and each of them, willfully violated 17 U.S.C. § 501.

79.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Broadcast. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of the Broadcast, in an amount to be established at trial but no less than $100,000,000.00.

80.     Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

AS TO COUNT ONE:

1.     That Defendants, Defendants' employees, representatives, and agents be enjoined from copying, uploading, distributing, selling, or otherwise infringing on Plaintiff's copyright in the Broadcast;

2.     That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial but in no event less than $100,000,000.00; and

3.     That an order be issued requiring Defendants, and each of them, to

1  account to Plaintiff for profits attributable to their use of Plaintiff's
2  copyright, in accordance with proof.

3  AS TO COUNT TWO:

4      4.    For statutory penalties in an amount, in the discretion of this Court, of up
5  to the maximum amount of $110,000.00 for each of the Defendants'
6  willful violations of 47 U.S.C. § 605(a).

7  AS TO COUNT THREE:

8      5.    For statutory penalties in an amount, in the discretion of this Court, of up
9  to the maximum amount of $60,000.00 for each of the Defendants' willful
10  violations of 47 U.S.C. § 553; and

11      6.    For Attorney's fees, interest, and costs of suit pursuant to 17 U.S.C. §
12  505; 47 U.S.C. 605(e)(3)(B)(iii) or §553(c)(2)(c);

13  AS TO COUNT FOUR:

14      7.    For damages within this Court's jurisdiction in an amount according to
15  proof at trial but in no event less than $100,000,000.00; and

16      8.    For punitive damages in an amount appropriate to punish Defendants and
17  deter others from engaging in similar misconduct.

18  AS TO COUNT FIVE:

19      9.    For damages within this Court's jurisdiction in an amount according to
20  proof at trial but in no event less than $100,000,000.00; and

21      10.    For consequential damages.

22  AS TO COUNT SIX:

23      11.    For damages within this Court's jurisdiction in an amount according to
24  proof at trial but in no event less than $100,000,000.00;

25      12.    For punitive damages in an amount appropriate to punish Defendants and
26  deter others from engaging in similar misconduct.

27  AS TO COUNT SEVEN:

28      13.    For damages within this Court's jurisdiction in an amount according to

FIRST AMENDED COMPLAINT

1      proof at trial but in no event less than $100,000,000.00; and

2    14.  Injunctive relief enjoining from copying, uploading, distributing, selling,

3      or otherwise infringing on Plaintiff's copyright in the Broadcast.

4  **AS TO COUNT EIGHT:**

5    15.  That Defendants, Defendants' employees, representatives, and agents be

6      enjoined from copying, uploading, distributing, selling, or otherwise

7      infringing on Plaintiff's copyright in the Broadcast;

8    16.  That Plaintiff be awarded all profits of Defendants plus all losses of

9      Plaintiff, the exact sum to be proven at the time of trial but in no event

10     less than $100,000,000.00; and

11    17.  That an order be issued requiring Defendants, and each of them, to

12      account to Plaintiff for profits attributable to their use of Plaintiff's

13      copyright, in accordance with proof.

14  **AS TO ALL COUNTS:**

15    18.  For pre-judgment and post-judgment interest on all damages awarded;

16    19.  For attorneys' fees and costs of suit incurred herein according to proof;

17      and

18    20.  For such other and further relief as the Court may deem just and proper.

19

20  Dated:  April 29, 2021       NOVIAN & NOVIAN, LLP

21                         Attorneys at Law

22                     By:   /s/ Farhad Novian

23                         FARHAD NOVIAN, State Bar No. 118129
                           MICHAEL O'BRIEN, State Bar No. 277244

24

25                         Attorneys for Plaintiff TRILLER FIGHT
                         CLUB II LLC

26

27

28

FIRST AMENDED COMPLAINT

4820-8923-8759, v. 2