FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
MICHAEL O'BRIEN (SBN 277244)
mobrien@novianlaw.com
ALEXANDER BRENDON GURA (SBN 305096)
gura@novianlaw.com
**NOVIAN & NOVIAN, LLP**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222

Attorneys for Plaintiff TRILLER FIGHT CLUB II LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRILLER FIGHT CLUB II LLC, a Delaware Limited Liability Company, | CASE NO.: 2:21-cv-03502-PA-RAO |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE DATED APRIL 28, 2021** |
| vs. | Complaint Filed:  April 23, 2021 |
| FILMDAILY.COM, an unknown business entity; ACCESSTVPRO.CO, an unknown business entity; ONLINE2LIVESTREAM.US, an unknown business entity; CRACKSTREAMSLIVE.COM, an unknown business entity; SPORTS-TODAY.CLUB, an unknown business entity; MY-SPORTS.CLUB, an unknown business entity; BILASPORT.COM, an unknown business entity; TRENDY CLIPS, an unknown business entity; MIKE, an unknown business entity; YOUR EXTRA, an unknown business entity; ECLIPT GAMING, an unknown business entity; ITSLILBRANDON, an unknown business entity; the H3 PODCAST, an unknown business entity; H3H3 PRODUCTIONS, an unknown | |

1

business entity; and DOES 1 through 100, inclusive,

2

3

            Defendants.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Triller Fight Club II LLC ("Plaintiff" or "Triller") submits this Memorandum in response to the Court's April 28, 2021 Order to Show Cause the ("OSC").

## I.  STATEMENT OF RELEVANT FACTS

Plaintiff is the copyright owner and publisher of the Triller Fight Club broadcast of the "Jake Paul vs. Ben Askren" boxing event, including all undercard bouts and the entire television broadcast, exhibited via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast").  On April 17, 2021, Triller made the Broadcast available to licensed content distributors such as Plaintiff's authorized online platforms.

Triller has since learned that certain individuals and entities utilized various torrent and streaming websites such as https://youtube.com, https://filmdaily.co, https://accesstvpro.co, https://online2livestream.us, https://crackstreamslive.com, https://sports-today.club/, https://my-sports.club/, and https://bilasports.com to unlawfully upload, distribute, and publicly display, without authorization, the Broadcast to the users of such websites.  Thus far, Triller has identified as wrongdoers Defendants Filmdaily.com, an unknown business entity ("Filmdaily.com"); Accesstvpro.co, an unknown business entity ("Accesstvpro.co"); Online2livestream.us, an unknown business entity ("Online2livestream.us"); Crackstreamlive.com, an unknown business entity ("Crackstreamslive.com"); Sports-today.club, an unknown business entity ("Sports-today.club"), My-sports.club, an unknown business entity ("My-sports.club"), Bilasport.com, an unknown business entity ("Bilasport.com"), Trendy Clips, an unknown business entity ("Trendy Clips"), Mike, an unknown business entity ("Mike"), Your Extra, an unknown business entity ("Your Extra"), Eclipt Gaming, an unknown business entity ("Eclipt Gaming"), ItsLilBrandon, an unknown business entity ("ItsLilBrandon"), the H3 Podcast, an unknown business entity ("H3 Podcast"), h3h3 Productions, an unknown business entity ("H3H3").

1    Accordingly, on April 23, 2021, Triller filed a complaint (the "Complaint").

2    On April 28, 2021, the Court issued the OSC.  In the OSC, the Court noted that

3    "Plaintiff alleges that it 'is informed and believes, and thereon alleges, that the actions

4    and omissions that serve as the basis for this complaint were undertaken jointly and

5    with the consent, conspiracy, cooperation, and joint participation of all defendants.'"

6    (OSC, at 2 (quoting Compl., at ¶ 21).)  "The Complaint also alleges, on information

7    and belief, "that at all times mentioned herein, each defendant was the agent, joint

8    venture, and/or employee of each and every other defendant, and in doing the things

9    alleged in this complaint, each defendant was acting within the course and scope of

10   such agency, joint venture, and/or employment and with the permission and consent

11   of each of the other defendants."  (*Id*. (quoting Compl., at ¶ 22.)

12   In the OSC, the Court also wrote that "it appears that Plaintiff has improperly

13   joined its claims against multiple different alleged infringers who have no apparent

14   connection to one another, and who each allegedly infringed Plaintiff's intellectual

15   property rights by making the Broadcast available on the separate websites controlled

16   by each of the separate defendants[,]" and that "[t]he Complaint does not sufficiently

17   allege, identify, or explain any plausible relationship between all of the Defendants."

18   (OSC, at 2.)

19   **II. ARGUMENT**

20   Federal Rule of Civil Procedure 20(a)(2), which governs the permissive joinder

21   of parties, explains, in pertinent part:

22          Persons . . . may be joined in one action as defendants if:
               (A) any right to relief is asserted against them
23          jointly, severally, or in the alternative with respect
            to or arising out of the same transaction, occurrence,
24          or series of transactions or occurrences; and
               (B) any question of law or fact common to all
25          defendants will arise in the action.
26

27   (Fed. R. Civ. P. 20(a)(2); *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371,

28   1375 (9th Cir. 1980) ("On a threshold level, Rule 20(a) imposes two specific

     requirements for the permissive joinder of parties:  (1) a right to relief must be asserted

1    by, or against, each plaintiff or defendant relating to or arising out of the same

2    transaction or occurrence or series of transactions or occurrences; and (2) some

3    question of law or fact common to all parties must arise in the action.").  The United

4    States Supreme Court has explained that "[u]nder the Rules, the impulse is toward

5    entertaining the broadest possible scope of action consistent with fairness to the

6    parties; ***joinder of claims, parties and remedies is strongly encouraged***."  *United Mine*

7    *Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (emphasis added); *see also League*

8    *to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977)

9    ("We start with the premise that Rule 20 . . . regarding permissive joinder is to be

10   construed liberally in order to promote trial convenience and to expedite the final

11   determination of disputes, thereby preventing multiple lawsuits.")

12           Defendants are properly joined in this Action because (i) Defendants' are jointly

13   and severally liable for Triller's claims under the Copyright Act, (ii) Triller's claims

14   against Defendants arise from the same transaction, occurrence, or series of

15   transactions or occurrences, *i.e.*, the Broadcast, and, as such, (iii) there will be many

16   questions of law and fact common to all Defendants arising in this Action.

17           **A. Defendants Are Jointly and Severally Liable.**

18           To satisfy the first prong of the permissive joinder test under Rule 20, a plaintiff

19   may show that "any right to relief is asserted against them jointly [and] severally. . . ."

20   (Fed. R. Civ. P. 20(a)(2)(A).)  Triller asserts against Defendants, among other claims,

21   causes of action arising under the Copyright Act.  Defendants are jointly and severally

22   liable for any damages arising in connection with those causes of action.  (*See* 17

23   U.S.C. § 504; *see also Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1192 (9th

24   Cir. 2016).)  Where, as here, Defendants' liability is joint and several, joinder under

25   Rule 20 is permitted.

26           **B. Triller's Claims Against Defendants Arise From the Same**

27           **Transaction or Occurrence—the Broadcast.**

28           As explained above, to satisfy the first prong of the permissive joinder test under

Rule 20, a plaintiff may show that the claims asserted "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences. . . ." (Fed. R. Civ. P. 20(a)(2)(A).)  "[T]he mere fact that a case involves independent actors as defendants does not necessarily bring the case outside the scope of Rule 20."  *In re EMC Corp.*, 677 F.3d 1351, 1357 (Fed. Cir. 2012).  So long as the claims asserted against those defendants arise from the same transaction or occurrence, joinder is permitted.  As one court has explained:

> Independent defendants satisfy the transaction-or-occurrence test of Rule 20 when there is a logical relationship between the separate causes of action.  The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant.  In other words, the defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must share an aggregate of operative facts.

*In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012).

As noted above, each of the causes of action asserted by Triller arises from the same transaction or occurrence, *i.e.*, the Broadcast.  Where, as here, the causes of action arise from the same transaction or occurrence, joinder under Rule 20 is permitted.  *See, e.g.*, *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980) (explaining that "Plaintiff's petition to add Schulte as a party defendant satisfied these specific requirements of Rule 20" because, among other things, "plaintiff's claims against both of the defendants arose out of the same series of occurrences").

### C. There Will Be Questions of Law and Fact Common to All Defendants.

To satisfy the second prong of the permissive joinder test under Rule 20, a plaintiff must show that questions of law or fact common to all defendants will arise in the action.  (*See* Fed. R. Civ. P. 20(a)(2)(B).)  Not every question of law and fact must be common.  *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1334 (8th Cir. 1974)

1  ("The rule does not require that all questions of law and fact raised by the dispute be

2  common."). Here, *each* cause of action asserted against *each* Defendant arises from

3  the very same set of operative facts. Where, as here, there are questions of law and

4  fact common to all defendants, joinder under Rule 20 is permitted. *See, e.g.*, *Desert*

5  *Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980) (explaining

6  that "Plaintiff's petition to add Schulte as a party defendant satisfied these specific

7  requirements of Rule 20" because, among other things, "[t]here were several material

8  questions that were common both to the claims of plaintiff DEB and to the responses

9  of defendants Schulte and INA").

10  **D. Triller Can and Will Supplement its Complaint.**

11  Triller is eager to learn and plead additional facts concerning the identities of

12  and relationships between Defendants. Indeed, Triller is concurrently filing an *ex*

13  *parte* application seeking leave to seek expedited discovery concerning Defendants'

14  true identifies (the "Application"). Triller anticipates using the information learned

15  through its expedited discovery to further support its claims against Defendants.[1]

16  At present, Triller is aware of certain facts demonstrating Defendants'

17  knowledge of other Defendants' illegal uploading and distribution of the Broadcast.

18  For example, while unlawfully re-distributing the Broadcast, certain Defendants

19  informed their viewers, subscribers, and fans of other Defendants' unlawful re-

20  distributing of the Broadcast. Triller can immediately amend its pleadings to assert

21  these allegations. (*See* Declaration of Alexander Brendon Gura in Support of

22  Plaintiff's Response to Order to Show Cause ("Gura Decl."), ¶ 2 & Ex. A at ¶ 24.)

23  **III.   CONCLUSION**

24  For the foregoing reasons, Triller respectfully requests that the Court permit

25  Triller to obtain the discovery requested in the Application before dismissing any

26  defendant.

27  _____

28  [1] Triller also anticipates using the information learned through its expedited discovery
to further support its allegations that the Central District is the proper venue for this
Action and that the Central District may exercise personal jurisdiction over
Defendants.

1

2   Dated:  May 5, 2021                    NOVIAN & NOVIAN, LLP

3                                          Attorneys at Law

4                                          By:     /s/ Farhad Novian

5                                                  FARHAD NOVIAN
                                                   MICHAEL O'BRIEN
6                                                  ALEXANDER BRENDON GURA

7                                          Attorneys for Plaintiff TRILLER FIGHT
8                                          CLUB II LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF ALEXANDER BRENDON GURA

I, Alexander Brendon Gura, declare as follows:

1.  I am an associate with the law firm of Novian & Novian, LLP, counsel to Plaintiff Triller Fight Club II LLC ("Plaintiff" or "Triller") in this action.  I submit this declaration in support of Triller's Response to this Court's Order to Show Cause.  If called as a witness in this action, I could and would testify competently to the matters set forth herein.

2.  Attached hereto as **Exhibit A** is a true and correct copy of Triller's [Proposed] Second Amended Complaint.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 5th day of May 2021, at Los Angeles, California.

*/s/ Alexander Brendon Gura*

Alexander Brendon Gura

# EXHIBIT A

1   FARHAD NOVIAN (SBN 118129)
    farhad@novianlaw.com
2   MICHAEL O'BRIEN (SBN 277244)
    mobrien@novianlaw.com
3   ALEXANDER BRENDON GURA (SBN 305096)
    gura@novianlaw.com
4
5   **NOVIAN & NOVIAN, LLP**
    1801 Century Park East, Suite 1201
6   Los Angeles, California 90067
    Telephone: (310) 553-1222
7   Facsimile: (310) 553-0222
8
9   Attorneys for Plaintiff TRILLER FIGHT CLUB II LLC

10              **UNITED STATES DISTRICT COURT**
11              **CENTRAL DISTRICT OF CALIFORNIA**

12  TRILLER FIGHT CLUB II LLC, a            CASE NO.: 2:21-cv-03502-PA-RAO
13  Delaware Limited Liability Company,
                                            **[PROPOSED] SECOND AMENDED**
14              Plaintiff,                  **COMPLAINT FOR:**
                                              1. **COPYRIGHT**
15          vs.                                  **INFRINGEMENT**
                                              2. **VIOLATION OF THE**
16                                               **FEDERAL**
17  FILMDAILY.COM, an unknown                    **COMMUNICATIONS ACT:**
    business entity; ACCESSTVPRO.CO, an          **47 U.S.C. § 605**
18  unknown business entity;                 3. **VIOLATION OF THE**
    ONLINE2LIVESTREAM.US, an                     **FEDERAL**
19  unknown business entity;                     **COMMUNICATIONS ACT:**
    CRACKSTREAMSLIVE.COM, an                     **47 U.S.C. § 553**
20  unknown business entity; SPORTS-         4. **CONVERSION**
    TODAY.CLUB, an unknown business         5. **BREACH OF CONTRACT**
21  entity; MY-SPORTS.CLUB, an unknown      6. **CONSPIRACY**
22  business entity; BILASPORT.COM, an      7. **VIOLATIONS OF THE**
    unknown business entity; TRENDY             **COMPUTER FRAUD AND**
23  CLIPS, an unknown business entity;          **ABUSE ACT:**
24  MIKE, an unknown business entity;           **18 U.S.C. § 1030**
    YOUR EXTRA, an unknown business          8. **VICARIOUS COPYRIGHT**
25  entity; ECLIPT GAMING, an unknown           **INFRINGEMENT**
26  business entity; ITSLILBRANDON, an
    unknown business entity; the H3         **JURY TRIAL DEMANDED**
27  PODCAST, an unknown business entity;
28

_____
                   [PROPOSED] SECOND AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

H3H3 PRODUCTIONS, an unknown
business entity; and DOES 1 through 100,
inclusive,

          Defendants.

1    Plaintiff Triller Fight Club II LLC, a Delaware limited liability company

2  ("Plaintiff" or "Triller") hereby complains against Defendants FILMDAILY.COM, an

3  unknown business entity ("Filmdaily.com"); ACCESSTVPRO.CO, an unknown

4  business entity ("Accesstvpro.co"); ONLINE2LIVESTREAM.US, an unknown

5  business entity ("Online2livestream.us"); CRACKSTREAMSLIVE.COM, an

6  unknown business entity ("Crackstreamslive.com"); SPORTS-TODAY.CLUB, an

7  unknown business entity ("Sports-today.club"), MY-SPORTS.CLUB, an unknown

8  business entity ("My-sports.club"), BILASPORT.COM, an unknown business entity

9  ("Bilasport.com"), TRENDY CLIPS, an unknown business entity ("Trendy Clips"),

10  MIKE, an unknown business entity ("Mike"), YOUR EXTRA, an unknown business

11  entity ("Your Extra"), ECLIPT GAMING, an unknown business entity ("Eclipt

12  Gaming"), ITSLILBRANDON, an unknown business entity ("ItsLilBrandon"), the H3

13  PODCAST, an unknown business entity ("H3 Podcast"), H3H3 PRODUCTIONS, an

14  unknown business entity ("H3H3"), and DOES 1 through 100, inclusive (collectively,

15  the "Defendants"), and alleges as follows:

16  <u>**NATURE OF THIS ACTION**</u>

17    1.    Through this action, Triller seeks in excess of $100,000,000.00 against

18  Defendants and each of them all of whom are cyber-criminals, for their outright theft

19  and diversion of upwards of 2,000,000 unique viewers by providing them with illegal

20  and unauthorized viewings of the Broadcast of the Jake Paul vs. Ben Askren boxing

21  event.   Plaintiff is the copyright owner and publisher of the Triller Fight Club

22  broadcast of the "Jake Paul vs. Ben Askren" boxing event, including all undercard

23  bouts and the entire television broadcast, exhibited via closed circuit television and via

24  encrypted satellite signal (hereinafter referred to as the "Broadcast"). The Broadcast

25  originated via satellite uplink and was subsequently re-transmitted to cable systems

26  and satellite companies via satellite signal and/or retransmitted via satellite signal to

27  licensed content distributors such as Plaintiff's authorized online platforms. Plaintiff

28  institutes this action to obtain remedy for—and to permanently hinder—the blatantly

unlawful infringement and rampant theft of its copyrighted work by the Defendants. Defendants, and each of them, have utilized various torrent and streaming websites such as https://youtube.com, https://filmdaily.co, https://accesstvpro.co, https://online2livestream.us, https://crackstreamslive.com, https://sports-today.club/, https://my-sports.club/, and https://bilasports.com to unlawfully upload, distribute, and publicly display, without authorization, the Broadcast to the users of such websites. Upon information and belief, Defendants, and each of them, acted knowingly, willfully, unlawfully and with blatant disregard to Plaintiff's copyright in the Broadcast by uploading the Broadcast to the aforementioned websites with additional shareable payment links, such as PayPal links, which allow users to remit direct payments to the various Defendants in order to fund and endorse each respective Defendants' infringement of Plaintiff's Broadcast. Defendants' calculated and reprehensible infringement, theft, and other unlawful acts—committed in knowing violation of the law—has resulted in damages suffered by Plaintiff in excess of $100,000,000.00, by stealing and diverting upwards of 2,000,000 unique viewers of the illegal and unauthorized viewings of the Broadcast from Plaintiff.

2.     Acting with intentional and knowing disregard of Plaintiff's exclusive rights in the Broadcast, Defendants—who are nothing less than cyber-criminals—employ various user profiles on websites, including those mentioned above, to illegally upload copyrighted programming, including the Broadcast, and to facilitate the unauthorized copying, sharing, downloading, uploading, and distribution of such programming. Through their egregious conduct, Defendants also encourage other online users to copy, share, download, distribute and share the Broadcast on the aforementioned websites. Defendants further unlawfully facilitate, participate, and induce other users to engage in the unauthorized reproduction, adaptation, distribution and public display of Plaintiff's copyrighted Broadcast all to line their own pockets with monies that belong to Plaintiff.

3.     Notwithstanding each Defendants' recognition that Plaintiff never

authorized their respective copying, downloading, uploading, public display and/or distribution of the Broadcast, Defendants continue to engage—and unjustly benefit—from their infringing conduct. Defendants' plain acts of thievery, misappropriation, and infringement, as further described herein, are tantamount to, and no less deplorable than, the acts of a pilferer, poaching on and looting the fruits of another's hard-earned labor.

## JURISDICTION AND VENUE

4.     The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 101, *et seq.* and 28 U.S.C. § 1331, which states that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section § 1338 (a).

5.     Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.  In the alternative, venue is also proper under 28 U.S.C. § 1391(b)(3), as Defendants, and each of them, are subject to the court's personal jurisdiction with respect to this action.

## PARTIES

6.     Plaintiff is a limited liability company incorporated under the laws of Delaware and having its principal place of business in the State of California.

7.     Plaintiff is engaged in the business of distributing its copyrighted materials as defined in 17 U.S.C. § 101, and offering such content, including the Broadcast, for purchase on a Pay-Per-View basis to its paying customers over the internet or via cable or satellite TV. Plaintiff invests substantial money, time, and effort in advertising, promoting, selling, and licensing programming such as the Broadcast.

8.     Plaintiff owns the copyrights to the Broadcast. As the exclusive owner of the Copyright in its programing, including but not limited to the Broadcast, Plaintiff possesses the exclusive rights to, *inter alia*, exhibit, distribute, disseminate and perform the Broadcast publicly.

9.     Upon information and belief, Defendant Filmdaily.com is a business entity, the exact nature of which is unknown, registered in Nevada and doing business in the State of California. Upon information and belief, Filmdaily.com offers the website https://filmdaily.co for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Filmdaily.com through its illegal uploading and distribution of the Broadcast.

10.     Upon information and belief, Defendant Accesstvpro.co is a business entity, the exact nature of which is unknown, registered in Arizona and doing business in the State of California. Upon information and belief, Accesstvpro.co offers the website https://accesstvpro.co for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Accesstvpro.co through its illegal uploading and distribution of the Broadcast.

11.     Upon information and belief, Defendant Online2livestream.us is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, Online2livestream.us offers the website https://online2livestream.us  for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Online2livestream.us through its illegal uploading and distribution of the Broadcast.

12.     Upon information and belief, Defendant Crackstreamslive.com is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, Crackstreamslive.com offers the website https://crackstreamslive.com  for the purpose of permitting, encouraging, facilitating,

and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Crackstreamslive.com through its illegal uploading and distribution of the Broadcast.

13. Upon information and belief, Defendant Sports-today.club is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, Sports-today.club offers the website https://sports-today.club/ for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Sports-today.club through its illegal uploading and distribution of the Broadcast.

14. Upon information and belief, Defendant My-sports.club is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, My-sports.club offers the website https://my-sports.club/ for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by My-sports.club through its illegal uploading and distribution of the Broadcast.

15. Upon information and belief, Defendant Bilasport.com is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, Bilasport.com offers the website https://bilasports.com for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Bilasport.com through its illegal uploading and distribution of the Broadcast.

16.     Upon information and belief, Defendant Trendy Clips is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, Trendy Clips operates the Youtube channel located at https://www.youtube.com/channel/UCYj6TdieiWvyuQc4s6J88uw for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Trendy Clips through its illegal uploading and distribution of the Broadcast.

17.     Upon information and belief, Defendant Mike is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, Mike operates the Youtube channel located at https://www.youtube.com/channel/UCc6_H_Qrmy_yGUe6M6vOClw for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Mike through its illegal uploading and distribution of the Broadcast.

18.     Upon information and belief, Defendant Your Extra is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, Your Extra operates the Youtube channel located at https://www.youtube.com/channel/UCArjknvNYidNOoJgOQNby3g for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Your Extra through its illegal uploading and distribution of the Broadcast.

///

[PROPOSED] SECOND AMENDED COMPLAINT

19.     Upon information and belief, Defendant Eclipt Gaming is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, Eclipt Gaming operates the Youtube channel located at https://www.youtube.com/channel/UCt1CKTX-ITRNbJ5U1Su6Qcw for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Eclipt Gaming through its illegal uploading and distribution of the Broadcast.

20.     Upon information and belief, Defendant ItsLilBrandon is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, ItsLilBrandon operates the Youtube channel located at https://www.youtube.com/channel/UCRjHeG6mxIFuMaLS3HAt9rg for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by ItsLilBrandon through its illegal uploading and distribution of the Broadcast.

21.     Upon information and belief, Defendant H3 Podcast is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, the H3 Podcast—through its hosts Ethan and Hila Klein— operates         the         Youtube         channel         located         at https://www.youtube.com/channel/UCLtREJY21xRfCuEKvdki1Kw for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by the H3 Podcast through its illegal uploading and distribution of the Broadcast.

22.     Upon information and belief, Defendant H3H3 is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, H3H3—through Ethan and Hila Klein—operates the Youtube channel located at https://www.youtube.com/user/h3h3Productions for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by H3H3 through its illegal uploading and distribution of the Broadcast.

23.     Plaintiff is informed and believes, and thereon alleges, that the actions and omissions that serve as the basis for this complaint were undertaken jointly and with the consent, conspiracy, cooperation, and joint participation of all defendants.

24.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each Defendant was the agent, joint venture, and/or employee of each and every other defendant, and in doing the things alleged in this complaint, each defendant was acting within the course and scope of such agency, joint venture, and/or employment and with the permission and consent of each of the other defendants. Plaintiff is further informed and believes, and thereon alleges, that certain Defendants were aware of and informed their subscribers, viewers, and fans of the existence of other Defendants' illegal uploading and distribution of the Broadcast, thereby demonstrating Defendants' common enterprise.

25.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time.  Plaintiff therefore sues said Defendants, and each of them, by such fictitious names.  Plaintiff will advise the Court and seek leave to amend this Complaint when the true names and capacities of each such Defendant has been ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each such Defendant designated as a DOE is responsible in some manner

for the events and happenings referred to herein or as hereinafter specifically alleged.

## COUNT ONE:

### (For Copyright Infringement Against All Defendants)

26.    Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

27.    Plaintiff is the owner of the copyrights to the Broadcast, including all undercard bouts and the entire television Broadcast. Plaintiff's rights include, but are not limited to, all moving images and other audio/video content which were broadcasted via encrypted satellite signal. The Broadcast originated via satellite uplink and were subsequently retransmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors such as Plaintiff's authorized, online platforms.

28.    As the copyright holder to the rights of the Broadcast, Plaintiff has the exclusive right to copy, publicly perform and distribute it.

29.    Defendants, and each of them, failed to obtain the property authority or license from Plaintiff to copy, publicly perform or distribute the Broadcast.

30.    Upon information and belief, Defendants illegally copied, uploaded, publicly performed and distributed the Broadcast via the internet with full knowledge that the Broadcast could only be obtained by purchasing a license from Plaintiff.

31.    Defendants, and each of them, have utilized various torrent and streaming websites such as https://filmdaily.co, https://accesstvpro.co, https://online2livestream.us, https://crackstreamslive.com, https://sports-today.club/, https://my-sports.club/, https://bilasports.com, and https://youtube.com to upload, distribute, and publicly display the Broadcast to the users of such website in direct violation of the exclusive rights owned by Plaintiff.

32.    Specifically, upon information and belief, the Defendants, and each of them, obtained the Broadcast through internet websites, cable and/or satellite Pay-Per-

View purchase intended for private, non-commercial viewing, and subsequently illegally re-transmitted the Broadcast and publicly exhibited the Broadcast by illegally copying and uploading the Broadcast to the aforementioned websites for other users to also illegally view, download, access, share, and distribute.

33.    Defendants, and each of them, have infringed on Plaintiff's copyright in the Broadcast by reproducing, adapting distributing, uploading, copying, and publicly displaying the copyrighted works without Plaintiff's authorization in violation of the Copyright Act, 17 U.S.C. § 501, and have recouped profits from the aforementioned websites through users' payments to the Defendants or through advertising revenue generated through the websites.

34.    Defendants' acts of infringement were willful, in blatant disregard of, and committed with indifference to Plaintiff's rights.

35.    By reason of Defendants' conduct as described herein, Defendants, and each of them, willfully violated 17 U.S.C. § 501.

36.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Broadcast. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of the Broadcast, in an amount to be established at trial, but in no event less than $100,000,000.00.

37.    Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## COUNT TWO:

### (For Violations of the Federal Communications Act: 47 U.S.C. §605 Against All Defendants)

38.    Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

39.   Plaintiff is the owner of the Broadcast, including all undercard matches and the entire television broadcast, aired via closed circuit television and via encrypted satellite signal.

40.   The Broadcast was available for non-commercial, private viewing through Plaintiff, its authorized online vendors, as well as through Pay-Per-View purchase through authorized satellite TV providers. Defendants, in a calculated effort to use Plaintiff's Broadcast for their own commercial benefit, obtained access to Plaintiff's Broadcast by purchasing the programming and subsequently copying the Broadcast and uploading it to torrent and streaming websites such as and https://youtube.com, https://filmdaily.co, https://accesstvpro.co, https://online2livestream.us, https://crackstreamslive.com, https://sports-today.club/, https://my-sports.club/, and https://bilasports.com.

41.   In order to purchase and view the Broadcast through a satellite TV provider intended for private, non-commercial viewing, an individual purchaser was subject to the copyright language contained therein which expressly stated that the "unauthorized reproduction or distribution of the copyrighted work is illegal."

42.   Upon information and belief, with full knowledge that the Broadcast was not to be received, distributed, reproduced and or publicly exhibited by individuals unauthorized to do so, Defendants, without authorization from Plaintiff, unlawfully intercepted, received and/or de-scrambled Plaintiff's satellite signal for purposes of direct commercial advantage and subsequently divulged the Broadcast to the public by copying and distributing said Broadcast to the users of the aforementioned websites in exchange for payments to aid, encourage, support, or otherwise endorse Defendants' infringing conduct.

43.   Upon information and belief, Plaintiff alleges that Defendants effected unauthorized interception and receipt of Plaintiff's Broadcast via Defendants' satellite TV service by ordering programming for residential use and subsequently copying, uploading, distributing and publicly displaying the Broadcast without authorization,

1    or by such other means which are unknown to Plaintiff and known only to Defendants.

2    44.    47 U.S.C. § 605(a) prohibits the unauthorized reception and publication

3    or use of communications such as the Broadcast for which Plaintiff had the distribution

4    rights thereto.

5    45.    By reason of Defendants' conduct as described herein, Defendants, and

6    each of them, willfully violated 47 U.S.C. § 605(a)

7    46.    As a proximate result of Defendants' willful violations of 47 U.S.C. §

8    605(a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C.

9    § 605(a), Plaintiff is entitled to damages, in the discretion of this Court, under 47

10    U.S.C. § 605(e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as

11    to *each* violation.

12    47.    Pursuant to 47 U.S.C. § 605, Plaintiff is also entitled to an award of full

13    costs, interest and reasonable attorney's fees.

14    **<u>COUNT THREE:</u>**

15    **(For Violations of the Federal Communications Act: 47 U.S.C. §553 Against All**

16    **Defendants)**

17    48.    Plaintiff hereby realleges, and by this reference incorporates herein, each

18    and every allegation of preceding and subsequent paragraphs as though fully set forth

19    herein.

20    49.    Upon information and belief, Defendants willfully and unlawfully

21    accessed, received, and subsequently re-transmitted the Broadcast over a cable TV or

22    internet system while knowing that they were unauthorized to do so.

23    50.    47 U.S.C. §553 prohibits the unauthorized reception of any

24    communications service offered over a cable system such as the transmission of the

25    Broadcast for which Plaintiff holds the copyright ownership thereto.

26    51.    Upon information and belief, the Defendants knowingly, willfully and

27    unlawfully accessed, received and subsequently re-transmitted the Broadcast when it

28    was offered via a cable TV or internet subscription without the authorization from

1   Plaintiff and without paying Plaintiff the appropriate Pay-Per-View fee.

2   52.   By reason of Defendants' conduct as described herein, Defendants, and

3   each of them, willfully violated 47 U.S.C. §553.

4   53.   As a proximate result of Defendants' willful violations of 47 U.S.C. §553,

5   Plaintiff is entitled to damages in an amount, in the discretion of this Court, of up to

6   the maximum amount of $60,000.00 as to each violation, plus the recovery of full

7   costs, interest and reasonable attorney's fees, in the discretion of this Court.

8   **COUNT FOUR:**

9   **(For Conversion Against All Defendants)**

10   54.   Plaintiff hereby realleges, and by this reference incorporates herein, each

11   and every allegation of preceding and subsequent paragraphs as though fully set forth

12   herein.

13   55.   Plaintiff, at all relevant times, owned, possessed, and had the right to

14   possess the copyrights to the Broadcast.

15   56.   By virtue of Defendants' conduct as set forth herein, Defendants, and

16   each of them, knowingly and intentionally substantially interfered with Plaintiff's

17   property by unlawfully converting it for their own commercial use, benefit, and private

18   financial gain.

19   57.   Defendants' acts of conversion were done without Plaintiff's consent and

20   with the objective of depriving Plaintiff of its copyright ownership for Defendants'

21   direct commercial benefit, advantage and private financial gain.

22   58.   As a proximate result of Defendants' wrongful conversion of the

23   Broadcast, Plaintiff suffered damages in an amount subject to proof at trial but in no

24   event less than $100,000,000.00.

25   **COUNT FIVE**

26   **(For Breach of Contract Against All Defendants)**

27   59.   Plaintiff hereby realleges, and by this reference incorporates herein, each

28   and every allegation of preceding and subsequent paragraphs as though fully set forth

1    herein.

2         60.    Plaintiff would show that pursuant to Plaintiff's Terms of Use for its

3    programming of the Broadcast, any user of Plaintiff's authorized websites for Pay-

4    Per-View purchase and any purchaser of a residential Pay-Per-View feed from

5    Plaintiff, either via cable or satellite TV, agreed not to reproduce, distribute, or

6    transmit any of Plaintiff's materials, including the Broadcast.

7         61.    Upon information and belief, Defendants, and each of them, purchased

8    the Broadcast through Plaintiff's authorized websites or via Pay-Per-View purchase

9    for private, residential viewing.

10        62.    Upon information and belief, with full knowledge that the Broadcast was

11   not to be unlawfully copied and distributed by individuals unauthorized to do so,

12   Defendants willfully and unlawfully copied, uploaded and distributed the Broadcast

13   to users of   torrent and streaming websites such as https://youtube.com,

14   https://filmdaily.co,           https://accesstvpro.co,           https://online2livestream.us,

15   https://crackstreamslive.com,   https://sports-today.club/,   https://my-sports.club/,and

16   https://bilasports.com so that the Broadcast could be accessed free of charge.

17        63.    As a proximate result of Defendants breach of their respective agreements

18   with Plaintiff, Plaintiff has been damaged through the loss of substantial amounts of

19   revenue, loss of business, loss of good-will and loss of customers, the sum value of

20   which will be proven at trial but which is an amount no less than $100,000,000.00

21                                     **COUNT SIX**

22                        **(For Conspiracy Against All Defendants)**

23        64.    Plaintiff hereby realleges, and by this reference incorporates herein, each

24   and every allegation of preceding and subsequent paragraphs as though fully set forth

25   herein.

26        65.    Upon information and belief, Defendants, and each of them, had an

27   agreement between two or more persons.

28        66.    Upon information and belief, pursuant to the respective Defendants'

agreements, Defendants set out to intentionally, willfully, and unlawfully access and copy Plaintiff's Broadcast and subsequently upload the Broadcast for distribution and public display in exchange for direct contributions from the users of the websites known as such as https://youtube.com, https://filmdaily.co, https://accesstvpro.co, https://online2livestream.us, https://crackstreamslive.com, https://sports-today.club/, https://my-sports.club/, and https://bilasports.com or for advertisement revenue from such websites.

67.     Upon information and belief, Defendants, and each of them, intentionally, willfully, and unlawfully accessed, copied, uploaded, distributed, and publicly displayed Plaintiff's Broadcast using such websites and did in fact receive direct contributions from users of such websites or advertisement revenue from such websites.

68.     As a proximate result of Defendants respective agreements and subsequent acts as described herein, Plaintiff has been damaged through the loss of substantial amounts of revenue, loss of business, loss of good-will, and loss of customers, the sum value of which will be proven at trial but which is an amount no less than $100,000,000.00

## **COUNT SEVEN**

### **(For Violations of the Computer Fraud and Abuse Act: 18 U.S.C. § 1030 Against All Defendants)**

69.     Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

70.     Upon information and belief, Defendants, and each of them, without authorization or by exceeding the scope of granted authorization, accessed a protected computer containing Plaintiff's live internet streams of the Broadcast, and knowingly and with the intent to defraud, unlawfully copied, distributed, and publicly displayed the Broadcast.

[PROPOSED] SECOND AMENDED COMPLAINT

71.     Upon information and belief, as a proximate result of Defendants' unlawful and fraudulent conduct as set forth herein, Defendants, and each of them, obtained the valuable copyrighted Broadcast and subsequently uploading, distributing, and publicly displaying the Broadcast using such as and https://youtube.com, https://filmdaily.co, https://accesstvpro.co, https://online2livestream.us, https://crackstreamslive.com, https://sports-today.club/, https://my-sports.club/, and https://bilasports.com.

**COUNT EIGHT:**

**(For Vicarious Copyright Infringement Against All Defendants)**

72.     Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

73.     Plaintiff is the owner of the copyrights to the Broadcast, including all undercard bouts and the entire television Broadcast. Plaintiff's rights include, but are not limited to, all moving images and other audio/video content which were broadcasted via encrypted satellite signal. The Broadcast originated via satellite uplink and were subsequently retransmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors such as Plaintiff's authorized, online platforms.

74.     Upon information and belief, Defendants, and each of them, directly infringed on Plaintiff's Broadcast by illegally uploading the Broadcast and/or portions thereof via the internet on the websites such as https://youtube.com, https://filmdaily.co, https://accesstvpro.co, https://online2livestream.us, https://crackstreamslive.com, https://sports-today.club/, https://my-sports.club/, and https://bilasports.com in direct violation of Plaintiff's exclusive copyright.

75.     Upon information and belief, Defendants encouraged online users to copy, share, download, distribute, and share content, including the Broadcast, on the aforementioned websites, and defendants facilitated, participated in and induced users

to engage in the unauthorized reproduction, adaptation, public display and public performance of programming containing Plaintiff's copyrighted Broadcast.

76.    Defendants had the right and ability to control and prevent the users on such aforementioned websites from directly accessing and infringing on Plaintiff's Broadcast which was copied, uploaded, and distributed by Defendants, and each of them.

77.    Defendants derived a financial benefit from such users' activities on the aforementioned websites by directing such users to external and/or shareable payment links, such as PayPal links, whereby users could remit direct payments to Defendants in order to compensate, fund and endorse each respective Defendants' infringement of Plaintiff's Broadcast.

78.    By reason of Defendants' conduct as described herein, Defendants, and each of them, willfully violated 17 U.S.C. § 501.

79.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Broadcast. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of the Broadcast, in an amount to be established at trial but no less than $100,000,000.00.

80.    Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

AS TO COUNT ONE:

1.    That Defendants, Defendants' employees, representatives, and agents be enjoined from copying, uploading, distributing, selling, or otherwise infringing on Plaintiff's copyright in the Broadcast;

---

17

[PROPOSED] SECOND AMENDED COMPLAINT

2.    That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial but in no event less than $100,000,000.00; and

3.    That an order be issued requiring Defendants, and each of them, to account to Plaintiff for profits attributable to their use of Plaintiff's copyright, in accordance with proof.

AS TO COUNT TWO:

4.    For statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 for each of the Defendants' willful violations of 47 U.S.C. § 605(a).

AS TO COUNT THREE:

5.    For statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 for each of the Defendants' willful violations of 47 U.S.C. § 553; and

6.    For Attorney's fees, interest, and costs of suit pursuant to 17 U.S.C. § 505; 47 U.S.C. 605(e)(3)(B)(iii) or §553(c)(2)(c);

AS TO COUNT FOUR:

7.    For damages within this Court's jurisdiction in an amount according to proof at trial but in no event less than $100,000,000.00; and

8.    For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

AS TO COUNT FIVE:

9.    For damages within this Court's jurisdiction in an amount according to proof at trial but in no event less than $100,000,000.00; and

10.   For consequential damages.

AS TO COUNT SIX:

11.   For damages within this Court's jurisdiction in an amount according to proof at trial but in no event less than $100,000,000.00;

12. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

AS TO COUNT SEVEN:

13. For damages within this Court's jurisdiction in an amount according to proof at trial but in no event less than $100,000,000.00; and

14. Injunctive relief enjoining from copying, uploading, distributing, selling, or otherwise infringing on Plaintiff's copyright in the Broadcast.

AS TO COUNT EIGHT:

15. That Defendants, Defendants' employees, representatives, and agents be enjoined from copying, uploading, distributing, selling, or otherwise infringing on Plaintiff's copyright in the Broadcast;

16. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial but in no event less than $100,000,000.00; and

17. That an order be issued requiring Defendants, and each of them, to account to Plaintiff for profits attributable to their use of Plaintiff's copyright, in accordance with proof.

AS TO ALL COUNTS:

18. For pre-judgment and post-judgment interest on all damages awarded;

19. For attorneys' fees and costs of suit incurred herein according to proof; and

20. For such other and further relief as the Court may deem just and proper.

///
///
///
///
///
///

[PROPOSED] SECOND AMENDED COMPLAINT

1

Dated:  May 5, 2021                    NOVIAN & NOVIAN, LLP
                                                  Attorneys at Law

2

3                                                  By:     /s/ Farhad Novian
                                                           FARHAD NOVIAN
4                                                          MICHAEL O'BRIEN
                                                           ALEXANDER BRENDON GURA
5

6                                                  Attorneys for Plaintiff TRILLER FIGHT
                                                   CLUB II LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] SECOND AMENDED COMPLAINT