UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3502 PA (RAO) | Date | May 6, 2021 |
|---|---|---|---|
| Title | Triller Fight Club II LLC, Inc. v. Filmdaily.com, et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    ORDER TO SHOW CAUSE

Plaintiff Triller Fight Club II LLC ("Plaintiff") commenced this action against defendants Filmdaily.com, Accesstvpro.co, Onlin2livestream.us, Crackstreamslive.com, Sports-today.club, My-sports.club, Bilasport.com, Trendy Clips, Mike, Your Extra, Eclipt Gaming, ItsLilBrandon, H3 Podcast, and H3H3 Productions (collectively "Defendants").  Plaintiff alleges in its First Amended Complaint ("1st AC") that it is the copyright owner and publisher of the broadcast of the "Jake Paul v. Ben Askren" boxing event (the "Broadcast") and that Defendants "unlawfully uploaded], distribute[d], and publicly display[ed], without authorization the Broadcast" to users of websites operated by or affiliated with Defendants.  (1st AC ¶ 1.)  The Complaint asserts claims against Defendants for:  (1) copyright infringement; (2) violation of the Federal Communications Act pursuant to 47 U.S.C. § 605; (3) violation of the Federal Communications Act pursuant to 47 U.S.C. § 553; (4) conversion; (5) breach of contract; (6) conspiracy; (7) violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and (8) vicarious copyright infringement.

The Court ordered Plaintiff to show cause why one or more of the Defendants should not be dropped from this case for improper joinder.  In issuing the Order to Show Cause, the Court noted that the Complaint alleges that Plaintiff "is informed and believes, and thereon alleges, that the actions and omissions that serve as the basis for this complaint were undertaken jointly and with the consent, conspiracy, cooperation, and joint participation of all defendants."  (Compl. ¶ 21.)[1/]  The Complaint also alleges, on information and belief, "that at all times mentioned herein, each defendant was the agent, joint venture, and/or employee of each and every other defendant, and in doing the things alleged in this complaint, each defendant was acting within the course and scope of such agency, joint venture, and/or employment and with the permission and consent of each of the other defendants."  (Id. ¶ 22.)  As the Court explained in its Order to Show Cause, other than these conclusory allegations, the Complaint and 1st AC

---

[1/]   The 1st AC contains identical allegations as those asserted in the original Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3502 PA (RAO) | Date | May 6, 2021 |
|---|---|---|---|
| Title | Triller Fight Club II LLC, Inc. v. Filmdaily.com, et al. | | |

do not contain any well-pleaded facts that plausibly support even an inference that Defendants acted jointly.  See Ashcroft v. Iqbal, 556 U.S. 662, 679, 664 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").  Instead, it appears that Plaintiff has improperly joined its claims against multiple different alleged infringers who have no apparent connection to one another, and who each allegedly infringed Plaintiff's intellectual property rights by making the Broadcast available on the separate websites controlled by each of the separate defendants.  The Complaint does not sufficiently allege, identify, or explain any plausible relationship between all of the Defendants.

Plaintiff has filed a Response to the Court's Order to Show Cause ("Response") and an Ex Parte Application for Expedited Discovery ("Ex Parte Application") (Docket No. 24).  As part of its Response, Plaintiff requests leave to file a proposed Second Amended Complaint ("Proposed 2nd AC").  Plaintiff's Ex Parte Application seeks leave to serve subpoenas on third parties to assist Plaintiff in uncovering the true identities and locations of Defendants, which Plaintiff claims it needs prior to filing a Motion for Preliminary Injunction.  Plaintiff additionally contends that the expedited discovery it seeks would assist it in responding to the Court's Order to Show Cause.

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A)   any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B)   any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).  "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim."  Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

In addition to the legal conclusions alleged in the original Complaint and the 1st AC, the Proposed 2nd AC adds an allegation that "Plaintiff is further informed and believes, and thereon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3502 PA (RAO) | Date | May 6, 2021 |
|---|---|---|---|
| Title | Triller Fight Club II LLC, Inc. v. Filmdaily.com, et al. | | |

alleges, that certain Defendants were aware of and informed their subscribers, viewers, and fans of the existence of other Defendants' illegal uploading and distribution of the Broadcast, thereby demonstrating Defendants' common enterprise." (Proposed 2nd AC ¶ 24.)  Nowhere in Plaintiff's Response does it provide examples of how one or more of the unspecified Defendants informed viewers of other unspecified Defendants' distribution of the Broadcast.  Instead, as it had previously, Plaintiff relies on the barest legal conclusions to support the joinder of multiple separate entities without any well-pleaded factual allegations supporting an inference of any joint action by Defendants.

In arguing that the Broadcast itself is the common "transaction or occurrence" supporting joinder of Defendants, Plaintiff appears to have shifted the analysis solely to its copyrighted material rather than any common facts concerning Defendants' alleged infringement.  Nothing in Plaintiff's Response provides any well-pleaded facts or other indication that Defendants did anything other than operate independently of one another.  By attempting to join Defendants in a single action without any facts to support joint action, Plaintiff increases the risk that the conduct of one defendant will be wrongly attributed to another independent defendant.  Put simply, the Court provided Plaintiff with an opportunity to provide the Court with some evidentiary basis to support its conclusory allegations supporting joinder of these Defendants.  Plaintiff's failure to provide any such evidence and Ex Parte Application for Expedited Discovery indicates that it currently lacks facts to support joinder and calls into question the adequacy of Plaintiff's compliance with its pre-suit investigation obligations under Federal Rule of Civil Procedure 11.

The Court additionally concludes that Plaintiff has failed to establish good cause for the expedited discovery it seeks in its Ex Parte Application.  To justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures."  Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).  Additionally, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief."  Id.  "Courts within the Ninth Circuit generally use the 'good cause' standard to determine whether to permit discovery prior to a Rule 26(f) conference."  Apple Inc. v. Samsung Elecs. Co., 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011).  In determining whether good cause justifies expedited discovery, courts commonly consider factors including:  "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."  American LegalNet, Inc. v. Davis, 673 F. Supp.2d 1063, 1067 (C.D. Cal. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3502 PA (RAO) | Date | May 6, 2021 |
|---|---|---|---|
| Title | Triller Fight Club II LLC, Inc. v. Filmdaily.com, et al. | | |

    Plaintiff asserts that it requires the third-party discovery to identify the Defendants so that it may file an anticipated Motion for Preliminary Injunction. According to Plaintiff, a preliminary injunction is necessary to prevent the irreparable harm of Defendants continuing to offer the Broadcast without authorization. Plaintiff does not, however, explain what irreparable harm it continues to suffer from the availability of copies of a live sporting event that occurred weeks ago, the outcome of which is publicly available, and lasted less than two minutes. Plaintiff therefore fails to establish the emergency necessary to support the consideration of Plaintiff's request to conduct expedited discovery on an ex parte basis. See Mission Power, 883 F. Supp. at 492; see also Manpower Inc. v. Slingshot Connections LLC, No. 2:12-CV-01069 JAM, 2012 WL 3561974, at *2 (E.D. Cal. Aug. 17, 2012) (holding that a plaintiff could not demonstrate good cause for an ex parte application seeking expedited discovery because plaintiff had selected the hearing date for its motion for preliminary injunction). As a result, there is no justification to allow Plaintiff "to go to the head of the line in front of all other litigants and receive special treatment." Id.

    For all of the foregoing reasons, the Court therefore denies Plaintiff's Ex Parte Application without prejudice to its being filed as a regularly-noticed motion. The Court additionally concludes that Defendants are misjoined. Because the Proposed 2nd AC does not cure the misjoinder problem identified by the Court, the Court denies Plaintiff's request for leave to file the Proposed 2nd AC without prejudice to any efforts to seek amendment in a manner consistent with Federal Rule of Civil Procedure 15(a). Pursuant to Federal Rule of Civil Procedure 21, misjoinder of parties "is not a ground for dismissing an action." Instead, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Where there is a misjoinder, "the court can generally dismiss all but the first named [defendant] without prejudice to the institution of new, separate lawsuits [against] the dropped [defendants]." Coughlin, 130 F.3d at 1350. Accordingly, the Court thus drops all Defendants except Filmdaily.com. This order does not limit Plaintiff's ability to refile its claims against the remaining Defendants in separate actions.

    IT IS SO ORDERED.